An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

BARNETT HADEN, JR.,
Appellant,
vs.
A & K EARTHMOVERS; AND S & C
CLAIMS SERVICES, INC.,
Respondents.

No. 59465

**FILED**

APR 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order denying a petition for judicial review of an administrative decision in a workers' compensation matter. Tenth Judicial District Court, Churchill County; David A. Huff, Judge.

After he was terminated from his employment with respondent A & K Earthmovers, appellant filed a workers' compensation claim in which he asserted that he had contracted chronic fluoride poisoning during his time working for respondent. A & K, through its insurer, respondent S & C Claims Services, Inc., denied the claim. Appellant then administratively appealed directly to an appeals officer. The appeals officer affirmed the denial of appellant's claim, concluding that appellant did not suffer an occupational disease arising out of and in the course of his employment. See NRS 617.358(2) (indicating that an employee who files a notice of an occupational disease after his or her employment has ended must rebut the presumption that the disease did not arise out of and in the course of his or her employment). Appellant then filed a petition for judicial review, which the district court denied, and this appeal followed.

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 11073

"This court, like the district court, reviews an appeals officer's decision for clear error or abuse of discretion." Dickinson v. American Medical Response, 124 Nev. 460, 465, 186 P.3d 878, 882 (2008); see also NRS 233B.135(3) (setting forth the standard for judicial review of an agency's decision). "We may not substitute our judgment for that of the appeals officer as to credibility determinations or the weight of the evidence on a question of fact." Dickinson, 124 Nev. at 466, 186 P.3d at 882. Moreover, although we review issues of law de novo, "the appeals officer's fact-based legal conclusions are entitled to deference and will not be disturbed if they are supported by substantial evidence. Substantial evidence is evidence that a reasonable person could accept as adequately supporting a conclusion." Id. at 465-66, 186 P.3d at 882 (footnotes omitted).

Appellant contends that the testimony and evidence that the appeals officer relied on was perjured and falsified, thereby leaving no evidence in the record to support the denial of his claim. We are unable to substitute our judgment for that of the appeals officer, who deemed this testimony and evidence to be credible and persuasive. Id. at 466, 186 P.3d at 882. Nonetheless, we have thoroughly reviewed appellant's proper person appeal statement and the appellate record, and we are confident that the differing diagnoses presented to the appeals officer were based on each diagnosing doctor's good-faith interpretation of the medical evidence available to him or her.

Because substantial evidence supports the appeals officer's conclusion that appellant did not suffer an occupational disease arising out of and in the course of appellant's employment, NRS 617.358(2), the officer did not abuse her discretion in denying appellant's claim for

compensation. <u>Dickinson</u>, 124 Nev. at 465-66, 186 P.3d at 882; NRS 233B.135(3). Accordingly, we affirm the district court's denial of appellant's petition for judicial review.[1]

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:     Tenth Judicial District Court Dept. 1
        Barnett Haden, Jr.
        Alverson Taylor Mortensen & Sanders
        Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
        Churchill County Clerk

---

[1]Appellant also challenges the district court's denial of his motion for an extension of time to file his memorandum of points and authorities. Because our review of the appeals officer's decision is the same as that undertaken by a district court, <u>see</u> <u>Dickinson</u>, 124 Nev. at 465, 186 P.3d at 882, and because we have thoroughly reviewed appellant's proper person appeal statement and the record, we conclude that this allegation of error does not warrant reversal. NRCP 61.